————o————

ELI ACKLEY, *et al.*, Appellants, *vs.* CHRISTINA WINKELMEYER, *et al.*, Respondents.

1. *Partnership—Contracts—Evidence.*—A firm composed of A. and others, under the firm name of A. & Co., had been doing business in another city, and had had transactions with C. doing business in St. Louis. The firm of A. & Co. was dissolved and A. formed a new partnership with B. under the name of A. & B., and succeeded to the business of the old firm. Subsequent to this change, C. sent an order for goods addressed to A. & Co., which was filled by A. & B. and a letter was written to C. by a clerk who had been in the employment of A. & Co., and continued in the employ of A. and B., advising him of the shipment of the goods; this letter was written in the name of A. & Co., and the goods were marked with their initials, and A. & Co. were credited by C. with the value of the goods. Other letters were also written by the same clerk under the name of A. & Co. to other parties, after said dissolution, concerning their business in St. Louis. After the purchase of these goods C. was garnished on an attachment against A. & Co., and paid over their value under the garnishment. On a suit by A. & B. against C. for the price of the goods, *Held*, that it was a question of fact for the jury whether B. had knowledge, at the time, of the manner in which the goods had been shipped, and that if he had such knowledge, he was bound by the letter of the clerk written to C., and that said letter was admissible in evidence; and also, that the other letters were admissible to show that the firm of A. & Co., was still in existence to parties in St. Louis as assumed to be so with the knowledge of B.

*Appeal from St. Louis Circuit Court.*

*Henderson & Shields*, for Appellants.

*E. C. Kehr*, for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action for the purchase money of several bales of hops, alleged by the plaintiffs to have been sold and delivered by them to the defendants.

The plaintiffs allege that they were partners under the name and style of Ackley & Yale, doing business as hop merchants at Waterville, in the State of New York, and as such, sold and delivered said hops to the defendants. The defendants, by their answer, deny that they purchased said hops of plaintiffs, and deny that they ever had any dealings with the plaintiffs. They charge and allege, that they purchased the hops in dispute from Eli Ackley & Co., who were hop merchants at Waterville, in the State of New York. They further allege, that the said Eli Ackley & Co. were indebted to Edward Benson, Christoper A. Stifel and Julius Hammerstein, of St. Louis, who sued the said Eli Ackley & Co. by attachment, before a justice of the peace having jurisdiction of the case, and defendants were garnished in that suit and a judgment rendered against them as garnishees for the amount they owed for the hops; which judgment they were compelled to, and did pay, and they set up these garnishment proceedings and payment as a bar to this suit.

The plaintiffs replied to defendant's answer, denying the new matter relied on as a discharge of the defendants. They allege that their firm was entirely distinct from that of Eli Ackley & Co.; that the firm of Eli Ackley & Co. had been dissolved several months before the firm of plaintiffs was formed, and although Eli Ackley had been a member of the former firm, and was a member of the new firm, these two firms had no connection with each other. The replication further charges that the firm of plaintiffs were insolvent and that it would take more than all their assets to pay their debts, and that Eli Ackley could have no interest whatever after payment of the firm debts.

At the trial the case was submitted to a jury. Both parties gave evidence tending strongly to prove their respective

theories. On the part of the defendants, proof was given that they ordered the hops from the firm of Eli Ackley & Co., and that a letter was written in their name by their old clerk, who was also clerk of the new firm, advising the defendants of the shipment of the hops, and that the hops came marked with the initials of the old firm of Eli Ackley & Co., and the amount was placed to their credit by the defendants. This letter was objected to as evidence by the plaintiffs, but the objection was overruled. The evidence also showed that the clerk referred to had charge of the business of the new firm, just as he had of the old firm, and filled orders for hops in the same way. Other letters from the firm of Eli Ackley & Co.,written by the same clerk, after the alleged dissolution, to other parties, concerning their business with parties in St. Louis,were produced and read, against the objections of plaintiffs. They were read on the ground that they furnished evidence that the old firm was still doing business in St. Louis after the alleged dissolution, and also for the purpose of identifying the old clerk's handwriting to the letter which accompanied the shipment of the hops to defendants. The court gave several instructions on the part of the plaintiffs which were very favorable and presented their theory of the case strongly to the jury. For the defendants the court instructed to the effect, that if the defendants, without any knowledge or notice of the dissolution of the firm of Eli Ackley & Co. and the formation of the new firm of Ackley & Yale, received the hops in dispute, believing them to be the property of Eli Ackley & Co., and had no information to the contrary prior to the time the judgment was rendered against them as garnishees, and if plaintiff, Yale, knew that the hops had been sent to the defendants in the name of Eli Ackley & Co., then the jury must find for defendants, although the jury may believe that the hops in question, in point of fact, belonged to the firm of Ackley & Yale.

The jury found for the defendants, and the plaintiffs filed a motion for a new trial which was overruled and judgment rendered on the verdict for defendants, which was affirmed

at General Term and the plaintiffs have appealed to this court. The case seems to have been fairly placed before the jury by the instructions given on both sides, and the verdict is supported by the evidence. The only material question of law raised is the ruling of the court in the admission of the letter written by the clerk of the new firm, who was also clerk of the old firm, advising the defendants of the shipment of the hops, and that they had been shipped to them by Eli Ackley & Co. The order had been sent to the old firm, and the new firm through their clerk, who had also been clerk of the old firm, assumed to fill the order, and in doing so to act in the name of the old firm. It was left to the jury to find from the evidence whether the plaintiff, Yale, had notice or information at the time, of the manner in which the goods had been shipped. Certainly, if he was cognizant of the fact, he ought to be bound by the act of the clerk in writing the letter in the name of the old firm. This was a question for the jury and they decided it in favor of the defendants. The identity of the clerk's handwriting was sufficiently established without introducing the other letters to identify it by way of comparison. The letters were certainly admissible to show that the firm of Eli Ackley & Co. were still in existence as to parties in St. Louis, or assumed to be so, with the knowledge or information of the plaintiffs.

Upon the whole record the judgment seems to be for the right party.

Judgment affirmed, all the judges concur.